IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAL HUBUSCHMAN,<br>　　　　Plaintiff,<br>　v.<br>MARK ZUCKERBERG, et al.,<br>　　　　Defendants | No. C-12-3366 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR STAY OF PROCEEDINGS; VACATING HEARING** |
| WILLIAM COLE,<br>　　　　Plaintiff,<br>　v.<br>MARK ZUCKERBERG, et al.,<br>　　　　Defendants | No. C-12-3367 MMC |
| LIDIA LEVY,<br>　　　　Plaintiff,<br>　v.<br>MARK ZUCKERBERG, et al.,<br>　　　　Defendants. | No. C-12-3642 MMC |

Before the Court are defendants' motions for a stay of proceedings, filed in each of the above-titled cases, and plaintiffs' motions to remand, likewise filed in each of the

above-titled cases.[1] The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions,[2] the Court deems the matters appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for September 14, 2012, and rules as follows.

Defendants seek a stay of proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on defendants' motion to transfer the above-titled three actions, along with other actions filed in this District and in other Districts, to the Southern District of New York for consolidated proceedings; the motion to transfer is scheduled to be heard by the JPML in less than two weeks, specifically, on September 20, 2012.

The following factors have been identified as appropriate for consideration in determining whether to stay an action pending a decision by the JPML on a motion to transfer: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Here, before addressing the above factors, the Court notes at the outset that, other than a motion to stay, the matters presently pending in the each of the above-titled three actions are a fully-briefed motion to remand, and a partially-briefed motion to dismiss. Accordingly, the issue before the Court is, in effect, whether this Court should consider the merits of the motion for remand and motion to dismiss, or whether, assuming the JPML transfers the above-titled cases, said motions should be considered by the transferee court.

Turning next to the first factor, potential prejudice to the non-moving parties, the Court notes that plaintiffs have not identified any cognizable prejudice they are likely to

---

[1] The three motions to stay are, in all material respects, identical; two of the motions to remand are, in all material respects, identical, and the third raises, in substance, the same issues.

[2] By order filed August 7, 2012, the Court took the matters under submission.

incur should the instant cases be stayed;[3] similarly, with respect to the second factor, defendants have not identified any hardship or inequity likely to be suffered should the cases not be stayed. Consequently, the determinative factor is whether duplicate litigation would be avoided if the JPML consolidates the instant three cases with the other cases proposed by defendants for consolidation in a single forum.

Here, defendants assert, and the Court agrees, that the three above-titled actions, each initially filed in state court and thereafter removed by defendants, and a fourth action proposed for consolidation therewith, Childs v. Zuckerman, et al., 12 Civ. 4156 (RWS), filed and pending in the Southern District of New York, are based on substantially similar factual allegations and assert substantially similar legal claims. Further, the cases give rise to a number of common issues.

One such common issue that has been or is likely to be presented in each of said four cases is whether the claims, either in their entirety or portions thereof, are precluded by the Securities Litigation Uniform Standards Act ("SLUSA"), specifically, 15 U.S.C. § 77p(b). In each of the three above-titled cases, the SLUSA preclusion issue has been briefed in connection with plaintiffs' motion to remand, and, according to defendants, the same issue will be presented in Childs in a motion to dismiss.[4] Other common issues that have been or are likely to be presented in each of said cases are whether the cases are improperly venued in any court other than a state court in Delaware, whether the cases are ripe to the extent they are based on a theory that Facebook, Inc. has suffered any injury by reason of defendants' alleged violation of federal securities laws, and whether plaintiffs lack standing to seek relief on behalf of Facebook, Inc. In each of the three actions

---

[3]Although plaintiffs argue resolution of their motions to remand should not be delayed, any delay occasioned by a stay will, in all likelihood, be short, given that the JPML's ruling is likely to be issued shortly after the September 20, 2012 hearing.

[4]On June 26, 2012, the Southern District of New York approved a stipulation by the parties to the Childs action to stay the deadline for defendants' response to the complaint pending the JPML's resolution of defendants' motion for consolidation. (See Childs v. Zuckerberg, 12 Civ. 4156 (RWS), filled June 26, 2012.) In accordance therewith, defendants have not filed a motion to dismiss in Childs.

3

pending in this District, those issues have been briefed in connection with defendants' motion to dismiss, and, in <u>Childs</u>, according to defendants, those issues likewise will be raised by a motion to dismiss.

Given such circumstances, the Court finds a stay is likely to conserve judicial resources and, given the absence of prejudice thereby to the opposing parties, finds it appropriate to stay the actions.

## CONCLUSION

For the reasons stated above, the motion to stay filed in each of the above-titled actions is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: September 11, 2012

_____
MAXINE M. CHESNEY
United States District Judge